**MINI SPAS, INC., dba The Kings Palace and Rusty Hanna, et al., dba The Society of Licensed Masseurs, Plaintiffs and Appellants,**

v.

**STATE of Utah, Scott M. Matheson, Utah State Department of Registration, and Paul T. Fordham, Defendants and Respondents.**

**Debbie L. HANNA and Lori A. Wiens, Plaintiffs and Appellants,**

v.

**UTAH STATE DIVISION OF REGISTRATION and Paul T. Fordham, Defendants and Respondents,**

**Nos. 18076, 18552.**

Supreme Court of Utah.

Jan. 21, 1983.

---

W. Andrew McCullough, Orem, for plaintiffs and appellants.

David L. Wilkinson, Atty. Gen., Salt Lake City, for defendants and respondents.

DURHAM, Justice:

This action for declaratory judgment was brought in the Third District Court by Mini Spas, Inc., a Utah corporation operating a massage establishment, and a group of masseurs. The plaintiffs asked the trial to construe the Massage Practice Act of 1981 to permit the defendant Division of Registration to create the Utah Board of Massage and to order the Division to do so. There being no material facts in dispute, both sides moved for summary judgment. The court granted judgment to defendant on both issues, and plaintiff appeals. We affirm.

The Massage Practice Act of 1981 was enacted by the Utah Legislature in February, 1981. The title of the Act describes it as "An act relating to massage practice; providing for licensure and the setting, implementation and enforcement of standards for massage technicians and massage establishments; and providing an effective date." U.C.A., 1953, § 58–47–1.

Unfortunately, there was apparently an oversight in the drafting of the Act which has prevented its implementation. The Act provides that the Board of Massage is to consist of one layman and four licensed massage technicians. U.C.A., 1953, § 58–47–3. Furthermore, the Board of Massage must supervise and direct oral and written examinations which must be passed before an applicant may become a licensed massage technician. Therefore, no one can become a licensed massage technician in Utah until passing an examination administered by the Board of Massage, but the Board of Massage cannot be constituted until four licensed massage technicians can be found to sit on it. There are at present no massage technicians licensed by the State of Utah and the Act has not been implemented by the Division of Registration of the Department of Business Regulation, although the implementation date of July 1981 has passed.

Plaintiffs argue that, since legislative intent was clearly to create a functioning Board of Massage, this Court must effectuate that intent by amending the statute to provide for the appointment of an initial Board. They propose that the Court accomplish this by "grandfathering" in and licensing some small, select group of technicians

who could then constitute the Board. However, they are unable to identify any language anywhere in the Act or its legislative history which suggests that the Legislature had such a process in mind with respect to the initial Board. No guidelines, standards or qualification process is suggested to this Court as a means by which it could undertake to rewrite this portion of the Act. Such an undertaking falls in the category of legislative drafting, not construction. The language of the Act is clear, understandable and unambiguous, notwithstanding the unfortunate result that it cannot be implemented as written. We agree with the Arizona Supreme Court, which said in the case of *Hernandez v. Frohmiller,* 68 Ariz. 242, 250, 204 P.2d 854, 859 (1949):

> We recognize the rule that, when giving the literal meaning to language of a statute results in an absurdity or impossibility, courts will under some circumstances alter, modify, or supply words in order to give effect to the plain intention of the lawmaker. This does not mean that when language has a plain meaning to which effect cannot legally be given, the court will try to guess what the lawmakers intended.

Having held that the Act cannot be rewritten by judicial intervention to permit the creation of a Board of Massage in the absence of licensed practitioners to sit on it, we further hold that no mandamus will lie to require the Department of Registration to implement the Act. Plaintiff must seek a solution to this problem from the Legislature.

Affirmed. No costs awarded.

HALL, C.J., and STEWART, OAKS and HOWE, JJ., concur.